BRIAN P. MANOOKIAN,

    *Plaintiff,*

vs.

UNITED STATES OF AMERICA, MERRICK GARLAND, in his official capacity as Attorney General of the United States, and the FEDERAL BUREAU OF INVESTIGATION,

    *Defendants.*

Civil Action No. 03-22 1039

## COMPLAINT

For his complaint, Plaintiff Brian P. Manookian alleges the following upon actual knowledge with respect to himself and his own acts, and upon information and belief as to all other matters:

### NATURE OF THE ACTION

This is an action under the Gun Control Act of 1968, 18 U.S.C. § 921, et. al., ("GCA") and the Second Amendment of the United States Constitution to correct an error within the National Instant Criminal Background Check Systems ("NICS") which improperly and erroneously indicates that the Plaintiff, Mr. Manookian, is a person prohibited from possessing or receiving a firearm.

Despite being legally permitted to own a firearm – indeed, Mr. Manookian has passed numerous state and federal background checks for firearm ownership over the years and has even owned one of the largest gun stores in the Southeast – the Plaintiff has recently been denied a firearm as a result of incorrect information maintained in the NICS database by the Federal Bureau of Investigation ("FBI"). Mr. Manookian believes the FBI has confused Mr. Manookian with another individual with the same last name or has otherwise added or failed to update incorrect information about him within the records it relies upon to implement and enforce the GCA.

The GCA provides that a person denied a firearm "due to the provision of erroneous information relating to the person by any State or political subdivision thereof, or by the nation instant criminal background check system...; or who was not prohibited from receipt of a firearm..."

> <u>may bring an action against the State or political subdivision responsible for providing the erroneous information</u>, or responsible for denying the transfer, or against the United States, as the case may be, <u>for an order directing that the erroneous information be corrected</u> or that the transfer be approved, as the case may be. In any action under this section, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs.

18 U.S.C. § 925A. Emphasis added.

The right to bring this action seeking an order from this specific Court directing these particular Defendants to correct false, disqualifying information

maintained about the Plaintiff is additionally contained in the Code of Federal Regulations.

> <u>An individual may also contest the accuracy or validity of a disqualifying record by bringing an action against the state</u> or political subdivision responsible for providing the contested information, or responsible for denying the transfer, or against the United States, as the case may be, <u>for an order directing that the contested information be corrected</u> or that the firearm transfer be approved.

28 C.F.R. § § 25.10(f). Emphasis added.

Accordingly, Brian Manookian files this suit for injunctive and declaratory relief. He seeks an injunction requiring the Defendants to correct any and all incorrect information regarding the Plaintiff contained within its records as those records relate to the ownership, possession, receipt, sale, or transfer of a firearm. Mr. Manookian additionally seeks a declaratory ruling from this Court confirming that he is not a "prohibited person" as defined by the GCA. *See,* 18 U.S.C. § 922(g)

## JURISDICTION AND VENUE

1. The Court has primary subject matter jurisdiction under 18 U.S.C. § 925(A). This Court also has federal question jurisdiction under 28 U.S.C. § 1331 which grants federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This civil action arises out of the violation of the Federal Gun Control Act as well as the Second Amendment

to the United States Constitution. This Court may issue declaratory judgment pursuant to 28 U.S.C. § 2201.

2. The Court has jurisdiction over each of the defendants because each defendant is the United States of America, a Federal Agency, or sued in his capacity as an employee or agent of the United States of America.

3. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

4. Plaintiff Brian Manookian is a U.S. citizen and resident of the State of Tennessee.

5. Defendant United States of America is a sovereign state and political division consisting of the fifty states of the union.

6. Defendant Merrick Garland is the United States Attorney General. He is sued in his official capacity.

7. Defendant Federal Bureau of Investigation is an agency of the United States of America that maintains the NICS system and database and otherwise operates, implements, and enforces the directives of the GCA.

## SUBSTANTIVE ALLEGATIONS

### The Regulatory Framework Implemented and Enforced by the Defendants

8. The United States regulates firearm manufacture and distribution through the Gun Control Act of 1968, 18 U.S.C. § 921, et. al.

9. The GCA prohibits certain categories of people, including those convicted of certain felonies, from shipping, transporting, possessing, or receiving firearms or ammunition. 18. U.S.C. § 922(g).

10. As amended by The Brady Handgun Violence Prevention Act, Pub. L. 103-105, 107 Stat. 1536 ("Brady Act"), the GCA requires firearms dealers to contact the FBI to conduct background checks of persons attempting to purchase firearms. 18 U.S.C. §§ 922(t)(1)-(2). The FBI uses NICS to conduct the checks. 28. C.F.R. § 25.1.

11. The Brady Act empowered the Attorney General to create NICS regulations; those regulations are set forth in 28 C.F.R. §§25.1 to 25.11.

### The Plaintiff's Status as a Legal Firearm Owner and History of Firearm Ownership

12. Mr. Manookian lives in Nashville, Tennessee where he has resided for more than twenty (20) years. He was born in Hendersonville, Tennessee in 1981. He is a natural born citizen of the United States of America.

13. Mr. Manookian has a right under the Second Amendment of the United States Constitution to own and possess a firearm. Mr. Manookian is not a "prohibited

person" as defined by the GCA. Mr. Manookian meets all requirements to lawfully purchase, possess, own, sell, and transfer a firearm.

14. Mr. Manookian has successfully passed serial background checks through the NICS system when purchasing firearms in the past. Mr. Manookian has additionally been subjected to review, scrutiny, and investigation by the Bureau of Alcohol, Tobacco, Firearms, and Explosives far beyond that of the average citizen in previously owning and operating a large firearms retailer and shooting range – all of which he passed successfully.

### The FBI's Erroneous Determination as to Plaintiff's Legal Qualification to Own or Possess a Firearm

15. On November 29, 2022, Mr. Manookian received a letter from the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives, National Firearms Division signed by Mr. Brian Martin (hereinafter "the Denial Letter").

16. The Denial Letter reported that Mr. Manookian had been denied the transfer, receipt or possession of a firearm as a result of a determination by the Federal Bureau of Investigation that Mr. Manookian is a "prohibited person" under the GCA. The Denial Letter further reported that such a determination had been made by the FBI through the operation of the NICS system in accordance with the procedures mandated by the Gun Control Act.

17. The Denial Letter stated that Mr. Manookian was being denied transfer, receipt, or possession of a firearm as a result of information maintained within the

FBI's records and that his application "has been disapproved... based on the FBI reporting a status of 'denied' based on the required NICS background check."

### Plaintiff's Injury and Ongoing Damages as a Result of the FBI's Erroneous Records and Reporting about the Plaintiff

18. But Mr. Manookian is not a "prohibited person" as defined by the Gun Control Act. To the contrary, Mr. Manookian is lawfully permitted to possess, own, and receive a firearm under all relevant federal and state statutes as well as the Second Amendment to the Constitution.

19. Upon information and belief, the FBI has entered or is maintaining erroneous information about the Plaintiff within its records utilized to implement and enforce the GCA, including within the NICS background check system.

20. Mr. Manookian has been harmed by the FBI's actions in entering or maintaining erroneous information about Mr. Manookian in that such action has deprived and infringed upon Mr. Manookian's constitutional right to own or possess a firearm.

21. Mr. Manookian will continue to be harmed by the FBI's actions in entering or maintaining erroneous information about Mr. Manookian in that such ongoing action will continue to deprive and infringe upon Mr. Manookian's constitution right to own or posses a firearm by resulting in continued denials of background checks and applications required by the GCA to purchase, own, or possess a firearm.

## FIRST CLAIM
### 18 U.S.C. § 925A – Injunctive Relief

22. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates by reference each preceding paragraph as if fully set forth at length herein.

23. The Plaintiff is entitled to an order directing that erroneous information entered or maintained by the Defendants about the Plaintiff be corrected.

## SECOND CLAIM
### 22 U.S.C. § 2201 – Declaratory Relief

24. Plaintiff repeats each and every allegation contained in the paragraphs above and incorporates by reference each preceding paragraph as if fully set forth at length herein.

25. This is a case of actual controversy existing within the jurisdiction of the United States District Court for the Middle District of Tennessee. Mr. Manookian seeks a declaration of his rights as set out above, and specifically, a declaration that he is not a person prohibited from owning or possessing a firearm under the GCA as described in 18 U.S.C. § 922.

## REQUEST FOR RELIEF

WHEREFORE, Mr. Manookian requests that this Court:

    A.    Enter judgment against Defendants;

B. Enjoin Defendants from continuing to report or maintain erroneous information about the Plaintiff within their records and the NICS system;

C. Order Defendants to remove any erroneous information about the Plaintiff from their records and the NICS systems;

D. Declare that Plaintiff is not a person prohibited from owning or possessing a firearm under the Gun Control Act;

E. Award Mr. Manookian his costs and expenses of this action, including his reasonable attorneys' fees necessarily incurred in bringing and pressing this case, as provided in 18 U.S.C. § 925A.

F. Order any other such relief as the Court deems appropriate.

DATED: December 20, 2022

By: _____

Brian Manookian
P.O. Box 150229
Nashville, Tennessee 37215
T: 615.257.5660
brian@tntriallawyers.com